is to pay back the said sum of forty-five pounds to the said Preston, his heirs or assigns, for the true performance of which we bind, etc., etc." The negro girl was delivered up to M'Gaughey, and remained in his possession for several years, during which time she had three children. The land spoken of in the contract was ultimately lost, but after the children aforesaid were born, and after one of them had been sold by William M'Gaughey to the defendant George W. M'Gaughey. William M'Gaughey gave up the negro woman, but the defendant refusing to deliver the child, which he had purchased, Preston brought an action of detinue against him. Several questions were made at the trial by the counsel on both sides: Whether any, and if any, what estate had William M'Gaughey in the negro woman before the land was lost? Whether it was only a conditional sale? To whom did the increase belong?

Haywood & Whiteside, for plaintiff
Cooke & Beck, for defendant.

McNAIRY, District Judge. It has been too long settled to be recalled, that if there be an estate for life in a negro woman, and pending the estate she has children, they will go to the remainder-man. Jones and Toller is a leading case, in which the most celebrated judges of North Carolina have acquiesced. Society have long acted under this as the law. All estates and family settlements have been made under the impression that this was the law; therefore, if this article of agreement can even be construed to vest a particular estate, or an estate for life, I would not break in upon a rule so long ago settled. But upon the construction of this article of agreement the court is of opinion that it was not the intention of the parties to vest any particular estate, much less an estate for life; it was a conditional sale, and to take effect only upon the condition that M'Gaughey's title to the land should prove valid. Therefore M'Gaughey is no more entitled to the issue of the negro woman, born while he had her in possession, than if he had hired her for one year. As to the pretended purchase of George W. M'Gaughey (son of William M'Gaughey), the court is of opinion that it does not vary the case, as it is in proof that he had full knowledge of the nature of his father's claim to the negro woman.

NOTE. Issue of slaves follow condition of the mother.—See McCutchen v. Marshall, 8 Pet. [33 U. S.] 240, citing case in text.

PRESTON (PLATT v.).  See Case No. 11,219.

## Case No. 11,398.

PRESTON v. STUART.

[Nowhere reported; opinion not accessible.]

PRESTON (UNITED STATES v.).  See Case No. 16,087.
PRESTON (WORTHINGTON v.).  See Case No. 18,055.

## Case No. 11,399.

PRESTON v. YOUNG.

[1 Cranch, C. C. 357.] [1]

Circuit Court, District of Columbia.  Nov. Term, 1806.

CONTRACTS—NOT COMPLETED—QUANTUM MERUIT.

If the plaintiff has done part of the work contracted for by an agreement under seal, and is prevented by the defendant from finishing the job, he may recover the value of the work which he has done, in an action of assumpsit.

Quantum meruit for work and labor done, (and materials furnished,) as a carpenter. The defendant proved a special agreement under hand and seal. The plaintiff offered evidence that he was interrupted by the yellow fever from proceeding with the work, and that before the fever subsided, the defendant employed another person to complete the work. The agreement was as follows: "Alexandria, July 29th, 1803. Memorandum of an agreement made, &c., that the said James Young doth agree to pay to the said Thomas Preston, $200, for building the shop as high as my dwelling, and to put in two 12-light frames, lay on 4-4 floor, and finding all the materials, glass excepted. Thomas Preston. (L. S.) James Young. (L. S.)"

The defendant prayed the court to instruct the jury, that if, from the evidence, it shall appear to them that the work, labor, and materials were done and furnished by the plaintiff for the defendant, in consequence of said written agreement between the said parties under seal, then this action of assumpsit will not lie. Which instruction, the court refused; but instructed the jury that if they should be of opinion, from the evidence, that the plaintiff was prevented by the defendant from proceeding to complete the work according to the agreement, in a reasonable time, then the plaintiff had a right to recover in this form of action, as much as he deserved to have for his work and materials. A bill of exceptions was taken by the defendant, and the judgment was reversed by the supreme court. [Young v. Preston] 4 Cranch [8 U. S.] 239.

THE COURT below, was of opinion, that Preston could support his quantum meruit, notwithstanding the written agreement. The grounds of that opinion were, that Young, by refusing to suffer the plaintiff to complete the contract, had dissolved the agreement, on his part, so that he could never have sustained an action upon it, against Preston, and if he could not have sustained an action upon it, he could not set it up to defeat the

[1] [Reported by Hon. William Cranch, Chief Judge.]